IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JOHN SOLOMON,                      )
7868 Elsinore Drive                )
Manassas, VA 20112,                )
                                   )
   Plaintiff,                      )   CIVIL ACTION
                                   )
v.                                 )   FILE NO. <u>1:19-cv-2019</u>
                                   )
UNITED STATES                      )
DEPARTMENT OF STATE,               )
The Executive Office               )
Office of Legal Advisor            )
Suite 5.600                        )
600 19th Street NW                 )
Washington, D.C., 20522            )
                                   )
   Defendant.                      )

## COMPLAINT

Plaintiff John Solomon for his Complaint against Defendant the United States Department

of State (the State Department) states as follows:

## INTRODUCTION

1.      The Freedom of Information Act (the FOIA), 5 U.S.C. § 552, enacted in 1966,

provides the public with a right of access to federal agency records.

2.      The people must know what the government is doing. "Open government has been

recognized as the best insurance that government is being conducted in the public interest."[1] Our

Founding Fathers' commitment to open government and the public's right to information can be

---

[1] *Am. Fed'n of Gov't Emp.'s v. Rosen*, 418 F. Supp. 205, 207 (N.D. Ill. 1976).

seen in the First Amendment which "protects not only the right of citizens to speak and publish, but also to receive information."[2] The FOIA is "an affirmative congressional effort to give meaningful content to constitutional freedom of expression." *See* S. Rep. No. 93-854, at 153-54 (May 16, 1974).

3.      This is an action brought pursuant to the FOIA to compel the State Department to produce records responsive to two outstanding FOIA requests submitted by Mr. Solomon on May 6, 2019.

4.      In his FOIA requests, Mr. Solomon requested records related to contacts between Blue Star Strategies and the State Department (including the U.S. Embassy in Kiev), between American businessman Hunter Biden and the State Department (including the U.S. Embassy in Kiev), and between American businessman Devon Archer and the State Department (including the U.S. Embassy in Kiev). Mr. Solomon is a member of the news media, and upon receipt of the records, Mr. Solomon intends to analyze, interpret, and disseminate the information to the public in an effort to enhance the public's understanding of the federal government's dealings with Blue Star Strategies, Burisma Holdings, Hunter Biden, Devon Archer, and Rosemont Seneca.

5.      Forty-four days (not including weekends and federal holidays) have lapsed since the State Department received Mr. Solomon's FOIA requests. The State Department has failed to meet the statutory deadline for its response to the FOIA requests dated May 6, 2019 and received by the State Department on the same day, because it failed to respond within 30 days (not including

---

[2] *Providence Journal Co. v. FBI*, 460 F. Supp. 762, 776 (D.R.I. 1978) (overturned on other grounds).

weekends and federal holidays).[3]   *See* 5 U.S.C. § 552(a)(6)(A)(i) (providing that the State Department has 20 days excluding weekends and federal holidays to provide a determination); *see also id*. §552(a)(6)(B)(i) (allowing the State Department to request a ten day extension).

6.   Accordingly, Mr. Solomon files this lawsuit to compel the State Department to comply with the FOIA.

## THE PARTIES

7.   Plaintiff John Solomon is an award-winning investigative journalist who currently serves as the executive vice president of digital video and opinion contributor for *The Hill*, a daily news publication in Washington, D.C., with more than 30 million monthly readers. He formerly worked at *The Associated Press* (for nearly 20 years) and as editor-in-chief of *The Washington Times*. As one of our country's most respected investigative journalists, he is credited with exposing U.S. and FBI intelligence failures before the September 11, 2001 attacks on our country,[4] federal scientists' misuse of foster children and veterans in drug experiments,[5] and numerous cases

---

[3] The State Department's regulations state that the Department "has 20 working days in which to determine whether to comply with a perfected request[,]" and that "[r]egardless of which of the three offices authorized to receive FOIA requests receives the request (IPS, OIG, or PPT), the Department shall have no more than 10 working days to direct a request to the appropriate office (whether IPS, OIG, or PPT), at which time the 20-day limit for responding to the request will commence." 22 C.F.R. § 171.11(e).

[4] John Solomon, *State FBI Memo Warned of Arabs Training at Flight Schools*, Ariz. Daily Sun (May 3, 2002), https://azdailysun.com/state-fbi-memo-warned-of-arabs-training-at-flight-schools/article_d9be3b2e-6897-57bb-94d2-9592304d7cc5.html.

[5] John Solomon, *Government Tested AIDS Drugs on Foster Kids*, NBCNews.com (May 4, 2005), http://www.nbcnews.com/id/7736157/ns/health-aids/t/government-tested-aids-drugs-foster-kids/#.XOVwWIhKiUk; *Medical Experiments on Veterans*, C-SPAN (June 17, 2008), https://www.c-span.org/video/?205567-6/medical-experiments-veterans.

of political corruption.[6] In 2017, Mr. Solomon, along with fellow journalist Sara Carter, exposed

the government's unlawful surveillance of American citizens and abuse of the FISA application

process.[7] Most recently, Mr. Solomon has reported on a constant stream of evidence raising

questions about possible FISA abuses related to the Carter Page FISA application and renewals.[8]

Mr. Solomon has also reported extensively on the relationship between Blue Star Strategies,

Burisma Holdings, and the State Department.[9] Thus, the State Department's withholding of the

---

[6] John Solomon & Laurel Adams, *Audit Says Legal Aid Boss Charged Taxpayers for Club, Car*, The Center for Public Integrity (Oct. 21, 2010), https://publicintegrity.org/accountability/audit-says-legal-aid-boss-charged-taxpayers-for-club-car/;   John Solomon & Alison Spann, *FBI Uncovered Russian Bribery Plot Before Obama Administration Approved Controversial Nuclear Deal with Moscow*, The Hill (Oct. 17, 2017), https://thehill.com/policy/national-security/355749-fbi-uncovered-russian-bribery-plot-before-obama-administration; John Solomon, *New Details of Investigation of a Hotel Maid's Charge that She was Sexually Assaulted by IMF Chief*, The Center for Public Integrity (May 21, 2011), https://publicintegrity.org/accountability/new-details-of-investigation-of-a-hotel-maids-charge-that-she-was-sexually-assaulted-by-imf-chief/;          John Solomon & Aaron Mehta, *Stimulating Hypocrisy: Scores of Recovery Act Opponents Sought Money out of Public View*, The Center for Public Integrity (Oct. 19, 2010), https://publicintegrity.org/federal-politics/stimulating-hypocrisy-scores-of-recovery-act-opponents-sought-money-out-of-public-view/.

[7] John Solomon & Sara Carter, *Obama Intel Agency Secretly Conducted Illegal Searches on Americans for Years*, PopularResistance.org (May 27, 2017), https://popularresistance.org/obama-intel-agency-secretly-conducted-illegal-searches-on-americans-for-years/.

[8] John Solomon, *Collusion Bombshell: DNC Lawyers Met with FBI on Russia Allegations Before Surveillance Warrant*, The Hill (Oct. 3, 2018), https://thehill.com/hilltv/rising/409817-russia-collusion-bombshell-dnc-lawyers-met-with-fbi-on-dossier-before; John Solomon, *Memos Detail FBI's 'Hurry the F Up Pressure' to Probe Trump Campaign*, The Hill (July 6, 2018), https://thehill.com/hilltv/rising/395776-memos-detail-fbis-hurry-the-f-up-pressure-to-probe-trump-campaign; John Solomon, *The Damning Proof of Innocence that FBI Likely Withheld in Russian Probe*, The Hill (May 14, 2019), https://thehill.com/opinion/white-house/434054-the-damning-proof-of-innocence-that-fbi-likely-withheld-in-russian-probe.

[9] John Solomon, *Joe Biden's 2020 Ukrainian Nightmare: A Closed Probe is Revived*, The Hill (Apr. 1, 2019), https://thehill.com/opinion/white-house/436816-joe-bidens-2020-ukrainian-nightmare-a-closed-probe-is-revived; John Solomon, *How the Obama Whitehouse Engaged Ukraine to Give Russia Collusion Narrative an Early Boost*, The Hill (Apr. 25, 2019),

requested records constitutes a concrete and particularized injury-in-fact to Mr. Solomon and the American public he serves as a widely read and watched journalist.

8.      Defendant State Department is a federal agency headquartered in Washington, D.C. On information and belief, Defendant has possession, custody, and control of the records to which Mr. Solomon seeks access.

## JURISDICTION AND VENUE

9.      Mr. Solomon brings this lawsuit pursuant to the FOIA. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia, and pursuant to 28 U.S.C. § 1331 because the resolution of disputes under the FOIA presents a federal question.

10.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia, and pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

## FACTUAL BACKGROUND

11.     On May 6, 2019, Mr. Solomon submitted two FOIA requests to the State Department (the FOIA Requests).

12.     In one of the FOIA Requests, Mr. Solomon sought the following records:

> [A]ll the records – including but not limited to calendar notations, emails, memos, phone messages, entry records and cables – concerning contacts between representatives of Blue Star Strategies and the State Department, including the U.S. embassy in Kiev, between March 2015 and February 2017. These contacts should

---

https://thehill.com/opinion/white-house/440730-how-the-obama-white-house-engaged-ukraine-to-give-russia-collusion.

includes [sic] but not be limited to those of Blue Star employees
Karen Tramontono, Sally Painter, Etienne Bodard and John Buretta.
These records should include but not be limited to any mentions of
Burisma Holdings, Hunter Biden, Devon Archer, Rosemont Seneca
and an audit of monies involving these figures.

13.     In the other FOIA Request, Mr. Solomon sought the following records:

[A]ll records identifying, describing or referring to all contacts
between American businessmen Hunter Biden and Devon Archer
with the State Department (including the U.S. embassy in Kiev)
from March 2014 through January 2017. This should include but not
be limited to any contacts Hunter Biden had with Deputy Secretary
of State Tony Blinken in May 2015 and with State officials in
December 2015. It should also include any business matters
concerning two companies associated with the businessman,
Burisma Holdings and Rosemont Seneca.

14.     In both FOIA Requests, Mr. Solomon sought a waiver of search, review, and
reproduction fees pursuant to the FOIA and State Department regulations because the information
sought was in the public interest, was likely to contribute to public understanding of the operations
and activities of government, and because Mr. Solomon is a representative of the news media and
sought the information as part of a news-gathering effort and not for commercial use.

15.     In both FOIA Requests, Mr. Solomon sought expedited processing.

16.     In letters dated May 14, 2019, the State Department acknowledged its receipt of the
FOIA Requests on May 6, 2019, and assigned them tracking numbers. The State Department
assigned the FOIA Request seeking communications between Burisma Holdings and the State
Department (*see* para. 12) tracking number F-2019-05777, and the FOIA Request seeking
communications between Hunter Biden and Devon Archer with the State Department (*see* para.
13) tracking number F-2019-05778.

17.     In those same letters, the State Department stated that it granted Mr. Solomon's fee waiver request as to both FOIA Requests.

18.     In those same letters, the State Department denied Mr. Solomon's request for expedited processing as to each FOIA Request.

19.     As of the date of this Complaint, 44 days (excluding weekends and federal holidays) have now lapsed since the State Department received the FOIA Requests on May 6, 2019.

20.     As of the date of this Complaint, the State Department has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Mr. Solomon of the scope of any responsive records the State Department intends to produce or withhold and the reasons for any withholdings; or (iii) inform Mr. Solomon that he may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of the FOIA, 5 U.S.C. § 552)

21.     Mr. Solomon realleges paragraphs 1 through 20 as if fully stated herein.

22.     The State Department is in violation of the FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery of records responsive to the FOIA Requests and, accordingly, failing and/or refusing to produce any and all non-exempt records responsive to the FOIA Requests.

23.     Mr. Solomon is being irreparably harmed by the State Department's violation of the FOIA and will continue to be irreparably harmed unless the State Department is compelled to comply with the FOIA.

24.     Pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and 22 C.F.R. § 171.11(g), Mr. Solomon is deemed to have exhausted his administrative remedies with respect to the FOIA Requests because the State Department was required to make a final determination of the FOIA Requests within the time limits set by the FOIA. Accordingly, the State Department's determination was due by June 18, 2019 at the latest.

25.     Because the State Department failed to make a final determination on Mr. Solomon's FOIA Requests within the time limits set by the FOIA, Mr. Solomon is deemed to have exhausted his administrative appeal remedies.

## PRAYER FOR RELIEF

26.     Enter an immediate order directing the State Department to preserve all records potentially responsive to the FOIA Requests, Request No. F-2019-05777 and Request No. F-2019-05778, and prohibiting the State Department, its employees, agents, or representatives from transporting, concealing, removing, destroying, or in any way tampering with records potentially responsive to said request;

27.     Enter an order directing the State Department to conduct searches for any and all records responsive to the FOIA Requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA Requests;

28.     Enter an order directing the State Department to produce, by a certain date, any and all non-exempt records responsive to the FOIA Requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

29.     Enter an order enjoining the State Department from continuing to withhold any and all non-exempt records responsive to the FOIA Requests;

30.     Award reasonable attorneys' fees, costs, and expenses; and

31.     Grant any and all other relief as this Court deems just and proper.

Respectfully submitted this 8th day of July, 2019.


By:     /s/Adam R.F. Gustafson
        Adam R.F. Gustafson (D.C. Bar 1010952)
        Boyden Gray & Associates P.L.L.C.
        801 17th St. NW, Ste. 350
        Washington, DC 20006
        (202) 955-0620
        (202) 955-0621 (fax)
        gustafson@boydengrayassociates.com


        Kimberly S. Hermann (GA Bar No. 646473)
        (*pro hac vice* pending)
        Southeastern Legal Foundation
        560 W. Crossville Rd., Ste. 104
        Roswell, GA 30075
        (770) 977-2131
        (770) 977-2134 (fax)
        khermann@southeasternlegal.org


        *Attorneys for Plaintiff*